**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LORRAINE C. EAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 2:10-CV-085-PRC |
| LAKE COUNTY COMMUNITY | ) |
| CORRECTIONS and | ) |
| CHET FARRELL, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion In Limine [DE 55] filed with the Court December 15, 2011 by Defendants Lake County Community Corrections ("LCCC") and Chet Ferrell.  Plaintiff Lorraine C. East filed her Plaintiff's Memorandum Opposing Motion In Limine on December 29, 2011.  Defendants LCCC and Farrell filed their Defendants' Reply To Plaintiff's Response To Motion In Limine on January 7, 2012.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court."  Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review.  Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds."  *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).  If evidence does not meet this standard, "the evidentiary rulings

should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1.      Anticipated use by Plaintiff East of the term "medical leave."

RULING: Defendants Motion In Limine is **DENIED** in this regard. However, Plaintiff East is hereby discouraged from repeatedly using the term "medical leave" in the presence of the jury. If she uses that term even once in her testimony, then Defendants may, through cross-examination of her as well as questioning other witnesses, establish that LCCC does not have a formal medical leave policy for part-time employees, the Family And Medical Leave Act is inapplicable, and that her use of that term is her own personal characterization.

2.      Complaints by other unnamed employees about discrimination by Defendants.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

3.      Any allegations or inferences by Plaintiff East of racial discrimination by Defendants.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard. The parties shall not refer to this in the presence of the jury by testimony or otherwise.

4.      Evidence of causation of Plaintiff East's mental or emotional injury by Defendants'

conduct.

RULING: Defendants' Motion In Limine is **DENIED** in this regard.  Plaintiff East may

testify as to causation of any mental or emotional pain, suffering, distress, or injury and what

she believes her symptoms are so long as the symptoms objectively appear to be reasonably

caused by Defendants' acts.

5.      Allegations that the written March 2009 work schedule was drafted or created after

the fact to assist in the defense of this litigation.

RULING: Defendants' Motion In Limine is **GRANTED** in this regard.  Neither Plaintiff

East nor any of her witnesses may state or conclude in the presence of the jury that the

March 2009 written work schedule was created after the fact to assist in the defense of this

litigation.  This ruling does not prohibit Plaintiff East and her attorney from presenting

evidence as to the timing of the appearance of the written March 2009 work schedule and

evidence about the confusion by the Defendants about who drafted or generated the

document.

6       Defendants' EEOC written position statement.

        RULING: Defendants' Motion In Limine is **DENIED** in this regard.

So **ORDERED** this 12th day of January, 2012

                        s/ Paul R. Cherry
                        MAGISTRATE JUDGE PAUL R. CHERRY
                        UNITED STATES DISTRICT COURT

cc:  All counsel of record