**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| LORRAINE C. EAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Cause No. 2:10-CV-085-PRC |
| LAKE COUNTY COMMUNITY | ) |
| CORRECTIONS and | ) |
| CHET FARRELL, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion In Limine [DE 60] filed with the Court December 30, 2011, by Plaintiff Lorraine C. East, by counsel.   Defendants Lake County Community Corrections ("LCCC") and Chet Farrell filed their Defendants' Response To Plaintiff's  Motion In Limine on January 11, 2012.   No Reply was permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court."  Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review.  Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).  If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1.      The handwritten notes from the October 2008 telephone conversation.

        RULING:      The Plaintiff's Motion In Limine is **GRANTED** in this regard.

        The handwritten notes are not admissible because they were not disclosed by Defendants

        to Plaintiff until on or about December 22,2011, well after the April 14, 2011, discovery

        deadline.


2.      The audio recording of the October 2008 telephone conversation.

        RULING:      The Plaintiff's Motion In Limine is **DENIED** in this regard.

        Although the Court does not have the audio recording, has not heard it, and does not

        have a transcript of it, it appears that at least some portions of the recording (if not most,

        or all) are relevant to the issues in this case.  It appears that the Defendants *may* be able

        to establish a sufficient evidentiary foundation for the authenticity of the recording.

        Statements on the audio recording are not hearsay because they are not being offered for

        the truth of the matters asserted; the recording would be offered to help to prove the

        absence of a statement.  Defendants represent that they possess the original audio

        recording.  The fact that the audio recording was not introduced into or used in the

        EEOC proceeding is not relevant to its use or non-use as evidence in the court trial.

   So **ORDERED** this 12th day of January, 2012.


                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT


cc:  All counsel of record